UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARISLEY ROJAS GONZALEZ,

    Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MARISLEY ROJAS GONZALEZ (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Florida; Equifax transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff is alleged to owe a debt to Westlake Services, LLC (hereinafter "Westlake"), partial account number ending in x44, as to an auto loan

3

(hereinafter "Westlake Account"). Plaintiff does not have an account with Westlake and never applied or gave permission to anyone to apply using her information for the Westlake Account.

14. In or about February 2020, Plaintiff was attempting to obtain a loan and was denied by multiple lenders due to the Westlake Account, which did not belong to her, appearing in her credit report.

15. Plaintiff attempted to contact Westlake for additional information about the erroneous account. However, since the Westlake Account did not belong to her, she could not verify sufficient points of data to authorize the representative to discuss the Westlake Account with Plaintiff.

16. On or about May 10, 2021, Plaintiff filed a police report with Harris County, Texas, report number 2105-01018, which was her residence at that time regarding the fraudulent account.

17. On or about February 13, 2023, Plaintiff obtained copies of her Equifax credit report. Upon review, Plaintiff observed that the Westlake Account was reported with a status of "not more than three payments past due" and balance of $18,845.

18. Due to the inaccurate reporting, on or about February 17, 2023, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff explained that the Westlake Account was not hers and should not be listed on her credit file. To confirm

her identity, Plaintiff included images of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting and images of the police report filed in Harris County, Texas.

19. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9505 5265 0466 3048 9985 49.

20. On or about February 27, 2023, Equifax responded to Plaintiff's written dispute letter by stating the documents provided were illegible and requested two forms of identification.

21. On or about March 13, 2023, Plaintiff obtained a copy of her updated Equifax credit report. Upon review, Plaintiff observed that the Westlake Account continued to be reported with a status of "not more than three payments past due" and a balance of $18,845.

22. On or about March 13, 2023, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 157519924. In this report, she explained that she was a victim of identity theft and that the Westlake Account listed in her credit report did not belong to her.

23. Due to the continued inaccurate reporting, on or about March 23, 2023, Plaintiff mailed a second detailed dispute letter to Equifax. In the letter, Plaintiff explained again that the Westlake Account was not hers and should not be listed on her credit report. To confirm her identity, Plaintiff included images of her driver's

5

license in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the police report filed in Harris County, Texas, and other supporting documents.

24.     Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 7022 3330 0002 0195 8438.

25.     On or about March 30, 2023, Equifax responded to Plaintiff's written dispute letter again by stating the documents provided were illegible and requested two forms of identification.

26.     On or about May 1, 2023, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed that the Westlake Account continued to be reported.

27.     On or about June 30, 2023, Plaintiff again obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed that the Westlake Account still continued to be reported.

28.     On or about July 21, 2023, Plaintiff filed a Complaint in the United States District Court in the Northern District of Georgia, Case No. 1:23-cv-03238, against Equifax as to the inaccurate reporting.

29.     On or about October 2, 2023, Plaintiff and Equifax reached a settlement, and at that time, the Westlake Account was no longer being reported on Plaintiff's Equifax credit report.

30. In or about January 2025, Plaintiff received an alert through her credit monitoring app regarding past due payments. Upon review, Plaintiff observed that the fraudulent Westlake Account had been reinserted.

31. Shortly thereafter, on or about February 3, 2025, Plaintiff mailed another detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of her credit report and reiterated that the Westlake Account was not hers and should not be listed on her credit report. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the police report filed in Harris County, Texas, and other supporting documents.

32. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9407 1112 0620 6467 4079 64.

33. On or about February 12, 2025, Equifax responded to Plaintiff's written dispute letter by stating the documents provided were incomplete and requested two forms of identification despite Plaintiff having provided three forms of identification: her current driver's license, Social Security card, and recent utility bill.

34. Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

35. However, on or about March 26, 2025, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed that the Westlake Account was no longer reported.

36. Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv. Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

41. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44. Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Harris

9

County, Texas, and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

45. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

46. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

48. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

49. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50. Equifax allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

51. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

53. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

54. Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with Harris

County, Texas, and the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

55. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

56. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681g as to
## Defendant, Equifax Information Services LLC (Negligent)

58. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

59. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

60. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

61. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

62. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681g as to Defendant, Equifax Information Services LLC (Willful)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

66. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

67. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

68. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

69. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARISLEY ROJAS GONZALEZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of March 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC

501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*